UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO: 24-03388-eg |
| RPE Contracting, Inc.<br>514 7th Ave S<br>North Myrtle Beach, SC 29582<br>HORRY-SC<br>Tax ID / EIN: 62-1080823<br>fdba Rivers Plumbing & Electric, Inc | CHAPTER: 7<br><br>APPLICATION TO EMPLOY<br>COLLECTION AGENCY |
| DEBTOR | |

The Application of Kevin Campbell, Trustee in Bankruptcy for the Estate of the above-captioned Debtor, respectfully represents that:

1. The Trustee is the duly appointed, qualified and acting Trustee for the Estate of the Debtor in the above-captioned matter. Among the assets scheduled by the Debtor are accounts receivable estimated to possibly have a value of $4 million.

2. The Trustee desires to employ and retain Receivables Control Corporation ("Collection Agency") whose address is 7373 Kirkwood Ct., Suite 200, Maple Grove, MN 55369 and whose telephone number is 763-315-9618 to represent him as a collection service to pursue and collect all viable accounts receivable of the Debtor.

3. The Trustee is informed and believes hiring this Collection Agency is in the best interest of the Estate because the Collection Agency has extensive experience liquidating receivables, in particular for Bankruptcy Trustees, related to construction cases similar to this case involving incomplete construction projects, closed businesses, unpaid subcontractors, voluminous records, bonding company liens, pay applications and other issues. Because the Debtor has been closed for over a year, among many other issues, normally the Collection Agency would charge significantly higher rates but it is willing to charge the rates below (and is waiving many charges) as a courtesy.

4. The services the Collection Agency are to perform include the following:

   a. At no cost, the Collection Agency will prepare a detailed report, spreadsheet or ledger of accounts receivable containing, at minimum, the payees, contacts, balances, payments and status/ collection efforts and confer with the Trustee to ensure its report matches the Trustee's reports and records. The Collection Agency will provide monthly comprehensive updates to the report detailing the status, recovery progress, payee financial condition and recovery projections to the Trustee.

a. At no cost, the Collection Agency will send an initial demand letter on the Trustee's letterhead to all payees/ accounts/ debtors. Money collected during the initial demand period (14 days) will not be subject to any fees.

b. After the initial demand on the Trustee's letterhead (sent as a courtesy at no charge) and the applicable time (14 days) has passed, the Collection Agency will notify all payees of the Collection Agency's involvement. The Collection Agency will provide receivable supporting evidence on any accounts, as requested, including invoices, contract copies, etc. The Collection Agency will engage in aggressive verbal and written collection efforts and work on each account to a conclusion, regardless of the balance size or age.

c. The Collection Agency will retrieve and collect vital documents to support collection efforts. All vital documents will be collected and stored by the Collection Agency by protected and secure means. The charge for retrieving vital records (shipping laptops and hard copies as necessary) shall be less than $500 to be reimbursed from the receivables collected. At its own expense, the Collection Agency's dedicated technology team will access the bookkeeping software as needed. All documents will be uploaded by the Collection Agency to a secure electronic folder viewable by the Trustee at all times. The Collection Agency will collaborate directly with the Trustee, Debtor's owner and the Debtor's former bookkeepers as necessary to ensure the necessary documentation is collected. The Trustee maintains control of the accounts receivable at all times and the Collection Agency will copy the Trustee on all correspondence and/ or maintain copies in the secure electronic folder. The Trustee may cancel the agreement with the Collection Agency at any time and, if so, all records will be returned to the Trustee, as necessary, immediately upon demand at no cost.

d. Where legal action is required, the Collection Agency has the ability to file lawsuits or take legal action in any jurisdiction as needed. After requesting approval from the Trustee, and further approval from the Court as necessary, the Collection Agency may involve its legal team as necessary.

e. After a certain period of time of liquidation efforts (estimated to be 180 days), the Collection Agency may try to negotiate a sale of the receivable portfolio to a third-party buyer with any terms and/ or broker commission to be noticed and approved by the Bankruptcy Court.

5. The Trustee desires to compensate the Collection Agency at the following rates:

a. First $2 million recovered: 25%

b. Anything over $2 million recovered: 20%

     c.   Any accounts requiring legal action (Trustee approval required): 30% plus court costs and filing fees to be reimbursed from receivables collected

6. Receivable payments will be collected and reported by the Collection Agency and deposited into its trust account. The net proceeds, after the Collection Agency's compensation (after approval from the Trustee and approval from the Court if necessary), will be remitted to the Trustee on the 15th of the month following collection to be deposited into the Bankruptcy Estate Account.

7. The Trustee is informed and believes the Collection Agency has made a conflict check by reviewing the Debtor's Bankruptcy schedules, mailing matrix, and statement of affairs and comparing them to the records of the Collection Agency to check for conflicts. The Trustee, to the best of his knowledge and pursuant to the attached Statement of No Interest, believes that the Collection Agency to be appointed herein has no connection with or relation to the Debtor, the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any employee of the United States Trustee pursuant to Bankruptcy Rule 2014(a). To the best of the Trustee's knowledge and information, the Collection Agency is a disinterested person as that term is defined by 11 U.S.C. §101(14) and the Collection Agency does not hold or represent an interest adverse to the estate.

WHEREFORE, the Trustee asks that the Court enter an Order authorizing him to employ Receivables Control Corporation as Collection Agency and that it be compensated as set forth above, and for such other and further relief as this Court deems just and proper.

                                     /s/ Kevin Campbell
                                     KEVIN CAMPBELL, Trustee
                                     Post Office Box 684
                                     Mt. Pleasant, South Carolina 29465

MT. PLEASANT, SOUTH CAROLINA       (843) 884-6874 / 884-0997 (fax)
Dated: 1/29/2025                                kcampbell@campbell-law-firm.com
                                     District Court I.D. 30

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

RPE Contracting, Inc.
514 7th Ave S
North Myrtle Beach, SC 29582
HORRY-SC
Tax ID / EIN: 62-1080823
fdba Rivers Plumbing & Electric, Inc

DEBTOR

CASE NO: 24-03388-eg

CHAPTER: 7

Certificate of Service

  I, Suzanne Campbell Chisholm, attorney for the Trustee, hereby certify that the Debtor's attorney and United States Trustee's Office were served electronically with the APPLICATION FOR APPOINTMENT OF COLLECTION AGENCY AND PROPOSED ORDER.

The Debtor's attorney and UST was served electronically.

Debtor served by mail:

RPE Contracting, Inc.
514 7th Ave S
North Myrtle Beach, SC 29582

Date: 1/29/2025

/s/ Suzanne Campbell Chisholm
Suzanne Campbell Chisholm, Esq
Post Office Box 684
Mt. Pleasant, SC 29465
(843) 884-6874
scampbell@campbell-law-firm.com